JOSHUA DUNCAN *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—441.]

**Continuance on Account of Absent Witness.**

The affidavit for a continuance in a criminal trial on account of the absence of a witness will be denied where the affidavit fails to state the facts that such witness will testify to but states only conclusions. Such evidence would be incompetent if the witness was present.

**Instruction in Murder Case.**

The failure of the trial court to instruct as to involuntary manslaughter is not prejudicial to the defendant although there is some evidence tending to show that the killing was accidental where the court does instruct as to murder and voluntary manslaughter and then tells the jury if it believes the killing was accidental it should find him not guilty of manslaughter.

APPEAL FROM WHITLEY CIRCUIT COURT.

December 13, 1884.

Opinion by Judge Hines:

Appellant on a charge of murder was convicted of manslaughter and sentenced to the penitentiary for twenty-one years. The killing was near the state line between Kentucky and Tennessee, and it became important to determine whether it was done in the one state or the other.

The first ground urged for reversal is that the court erred in refusing a continuance on account of the absence of a witness who had been subpoenaed and who was unable to attend the trial on account of sickness. The affidavit for continuance alleged that the absent witness knew where the state line is and that he would testify that "the killing was done in Tennessee." The affidavit does not state that the witness was present at the killing or that he saw it, nor does it state that the accused and the deceased were both in the state of Tennessee when the shot was fired which resulted in the death. From anything that appears in the affidavit the accused may have been within the territorial limits of Tennessee and the deceased in Kentucky at the time of the shooting, which would give jurisdiction to the courts of Kentucky, and yet the killing, in the opinion of the witness, might have occurred in Tennessee. The affidavit should have stated the facts to which the witness was expected to testify and not his opinion as to what would constitute killing within the jurisdiction of the court. The affidavit was in this respect defective as the testimony of the witness, as stated in the affidavit, would have been incompetent. There was no question as to where the state line is, the only question affecting jurisdiction being the location of the deceased and the accused at the time of the shooting. The evidence decidedly preponderated in favor of the conclusion that the deceased was in Kentucky when shot, and that he crossed over the line and died in Tennessee.

The next objection is the failure of the court to instruct the jury as to involuntary manslaughter. This was not prejudicial to appellant although there was some evidence tending to show that the killing was accidental. The court properly instructed the jury as to murder and voluntary manslaughter and then told them if they believed the killing was accidental they should find him not guilty of manslaughter. This instruction gave appellant more than the full benefit of the law of involuntary manslaughter, because it told

10

the jury in effect that they should not convict of any less degree of manslaughter than voluntary manslaughter.

Judgment *affirmed.* ·

*C. W. Lester, for appellant.*

*P. W. Hardin, for appellee.*